UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

_____

In re:

JOSE MIGALE SERBANTEZ,

         Debtor.

Case No. 25-03345-swd
Chapter 7
Hon. Scott W. Dales

_____/

MEMORANDUM OF DECISION AND ORDER

PRESENT:    HONORABLE SCOTT W. DALES
                 Chief United States Bankruptcy Judge

I. INTRODUCTION

On November 21, 2025, *pro se* debtor Jose Migale Serbantez (the "Debtor") filed his chapter 7 voluntary petition (ECF No. 1, the "Petition"). Shortly after, the Clerk issued a Notice of Filing(s) Due (ECF No. 7, the "Notice"), stating that the Debtor had until December 5, 2025, to file Schedules A/B-J, a Summary of Assets and Liabilities, and verification of matrix along with other required documentation. *See* Notice at p. 2. After the Debtor missed the December 5 deadline, the United States Trustee filed his Motion to Dismiss (ECF No. 10, the "Motion"), which the court set for hearing on January 14, 2026, in Kalamazoo, Michigan. The court also scheduled a hearing to consider the Debtor's *in forma pauperis* or "IFP" application for waiver of the chapter 7 filing fee (ECF No. 4, the "IFP Application").

At the hearing, Kenneth G. Lau, Esq., appeared for the United States Trustee; the Debtor did not appear.

With respect to dismissal, the United States Trustee urged the court to grant the Motion under 11 U.S.C. § 707(a), after enumerating the many case-initiating documents the Debtor

neglected to file.[1]  When the court responded that the case was probably dismissed by operation

of law under § 521(i)(1) for the same reasons already, counsel nevertheless reiterated his request

for an order under § 707(a).  After discussing with counsel the ramifications of automatic dismissal

under § 521(i)(1) versus dismissal for cause under § 707(a), the court then took the matter under

advisement.

The court finds that, because the Debtor did not file the required documentation under §

521(a)(1) within forty-five days of the petition date or obtain an extension of the statutory deadline

before that time, the case was "automatically dismissed" – by operation of law – on the forty-sixth

day under § 521(i)(1), rendering the Motion moot.

Although the dismissal does not render the IFP Application moot – the court could still

provide meaningful relief from the burden of paying the filing fee – the Debtor did not appear at

the hearing to address the court's doubts about his eligibility, so the court will deny the IFP

Application on the merits.

## II. ANALYSIS

1.      Automatic Dismissal Under § 521(i)(1)

The court's analysis begins with the statutory text.  Uncomfortably grafted onto the

Bankruptcy Code in 2005 as a part of the Bankruptcy Abuse Prevention and Consumer Protection

Act ("BAPCPA"), § 521(i)(1) provides as follows:

> Subject to paragraphs (2) and (4) and notwithstanding section 707(a), if an
> individual debtor in a voluntary case under chapter 7 or 13 fails to file all of the
> information required under subsection (a)(1) within 45 days after the date of the
> filing of the petition, the case *shall be automatically dismissed* effective on the 46th
> day after the date of the filing of the petition.

---

[1] References to "Bankruptcy Code" or to specific statutory sections are to 11 U.S.C. §§ 101-1532.

11 U.S.C. § 521(i)(1) (emphasis added).

As Judge Crist recently found, in harmony with other bankruptcy courts within the Sixth Circuit, § 521(i)(1) operates automatically to dismiss a consumer case without judicial involvement on the forty-sixth day after the petition date, subject to possible extension and an equitable exception not present in the current case, if a debtor fails to file the documents listed in § 521(a)(1). *See In re Vaughan*, Case No. 25-31806, 2026 WL 21050, at *1 (Bankr. S.D. Ohio Jan. 2, 2026) (finding that § 521(i)(1) requires automatic dismissal); *see also Simon v. Amir (In re Amir)*, 436 B.R. 1, 25 (B.A.P. 6th Cir. 2010) (finding that bankruptcy courts may only bypass § 521(i)(1)'s automatic dismissal requirement to prevent an abuse of the bankruptcy process). Therefore, when the Debtor failed to file his necessary documentation by January 5, 2026, the Bankruptcy Code automatically dismissed his case on January 6, 2026.

Although the United States Trustee advocates for dismissal under § 707(a), the argument cannot withstand the "notwithstanding" clause within § 521(i)(1), which subjugates § 707(a) to the automatic dismissal. By using the word "notwithstanding" immediately before § 707(a) in the statute, Congress employed a common statutory device to signal that the automatic dismissal takes effect despite the operation of the subordinated section. *Cf.*, *Deutsche Bank Nat. Trust Co. v. Tucker*, 621 F.3d 460, 464 (6th Cir. 2010) ("[within the Bankruptcy Code] notwithstanding is defined as 'without prevention or obstruction from or by' or 'in spite of.') (quoting Webster's *Third New International Dictionary* 1545 (1981)). Although § 707(a) was relevant when the United States Trustee first filed his Motion, it ceased to control by the time of the hearing, after the automatic dismissal took effect under § 521(i)(1). Put simply, the automatic dismissal mooted the Motion to the extent it sought to end this case. Given the passage of time – and the Debtor's

inaction – granting the Motion at this point would add nothing to the relief that the Bankruptcy Code has already, albeit automatically, granted.

The only lingering question is how to accurately reflect the case's automatic dismissal on the record.  For the sake of the record, today's decision will declare that the Debtor's case was automatically dismissed on January 6, 2026.[2]

2.       *In Forma Pauperis* Application

At the hearing, the court also considered the Debtor's IFP Application, albeit without input from the Debtor who, as noted above, failed to appear.  Although the court suggested on the record that dismissal might render the Application moot, on reflection, the court concludes otherwise.

Despite the automatic dismissal, the Debtor remains obligated for the filing fees – the United States could pursue collection – and the unpaid fees may have implications if the Debtor files another bankruptcy petition.[3]  Granting the IFP Application would relieve the Debtor of these burdens, so the court may still grant meaningful relief despite the dismissal.  Nevertheless, on the merits, the court will deny the IFP Application.

Generally, when a debtor commences a bankruptcy case the filing fees are due upon the filing of the petition, and dismissal of the case does not excuse this obligation.  *See* Fed. R. Bankr.

---

[2] Because no one filed any post-dismissal motions under § 521(i)(2), the court has no occasion to venture into the statutory quagmire of what Congress meant by making the automatic dismissal "subject to" that subjection, except to note that some courts treat the procedure under § 521(i)(2) as akin to the process of obtaining a comfort order under § 362(c)(4)(A)(ii).  *See In re Vaughan*, *infra* at 3.  For now, the court avoids addressing the imponderable byproducts of the slipshod drafting that pervades § 521(i).

[3] Bankruptcy Fee Compendium III (June 1, 2014 Edition) (the "Fee Compendium"), Part I(1) ("The debtor's obligation to pay the filing fees is unchanged by a dismissal.").  Moreover, some courts treat unpaid filing fees in a prior case as cause to dismiss under § 707(a)(2).  *In re Carter*, 660 B.R. 383, 389 (Bankr. E.D. Mich. 2024).  The unpaid fees may also adversely affect a later court's decision to permit the Debtor to pay fees (for a new case) in installments.  *Cf.* Fee Compendium at Part B(1)(C)(4)(c) ("the court may consider the debtor's default in deciding whether to allow the debtor again to pay the filing fee in installments.").  And, naturally, the United States could pursue collection and file a claim for unpaid fees in any future bankruptcy case the Debtor might file.

P. 1006(a) ("every petition must be accompanied by the filing fee"); *supra* n. 3. The bankruptcy court, however, can choose to waive the filing fees in an individual chapter 7 case "if the court determines that such individual has income less than 150 percent of the income official poverty line...as defined by the Office of Management and Budget," and is unable to pay the fees in installments. 28 U.S.C. § 1930(f)(1).

The IFP Application, which the Debtor signed under penalty of perjury, stated that he earns $4,983.00 each month (or $59,796.00 annually) to support his one-person household. *See* IFP Application at line 2. According to the Office of Management and Budget's poverty guidelines for 2025, 150 percent of the poverty line in Michigan for a single-person household is $23,475.00. *See* U.S. Department of Health & Human Services, 2025 Poverty Guidelines, *2025 Poverty Guidelines Computations*.

Although the Debtor reports that he earns nearly twice the suggested limit – suggesting ineligibility for a waiver – the court scheduled a hearing because the IFP Application also recites that he supports two minor children and, without the benefit of Schedule J, the court could not verify that he accurately listed his "take-home pay" (and therefore his seeming ineligibility). Moreover, even if the Debtor were sufficiently impecunious, the court must also consider his ability to pay the fee in installments, another issue requiring information from Schedule J which the court intended to discuss at the hearing. 28 U.S.C. § 1930(f)(1).

The Debtor, however, did not appear at the hearing or file complete schedules, so he gives the court no reason in the record for exercising its discretion to waive the filing fees. The income that the Debtor reported on the IFP Application disqualifies him for relief under 28 U.S.C. § 1930(f), so the court need not consider his capacity to pay in installments. He must pay the fees in full, notwithstanding dismissal.

For these reasons, because the IFP Application is not moot and the Debtor does not meet the requirements for an *in forma pauperis* waiver, the court will deny it on the merits.

## III. ORDER

NOW, THEREFORE, IT IS HEREBY ORDERED that the United States Trustee's Motion (ECF No. 10) is DENIED as moot.

IT IS FURTHER ORDERED that the IFP Application (ECF No. 4) is DENIED on the merits.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon the Debtor, April Hulst, Esq., chapter 7 trustee, and the United States Trustee.

END OF ORDER

**IT IS SO ORDERED.**

**Dated January 20, 2026**



Scott W. Dales
United States Bankruptcy Judge